**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Curtis Montgomery,<br><br>    Petitioner,<br><br>v.<br><br>S. Morris, et al.,<br><br>    Respondents. | No. CV-17-03579-PHX-DWL<br><br>**ORDER** |

On November 27, 2017, Petitioner filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 6.) On November 30, 2018, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 23.) Afterward, Petitioner filed written objections to the R&R. (Doc. 24). As explained below, the Court will deny Petitioner's objections.

I.    <u>Background</u>

Petitioner was sentenced to life in prison after being convicted at trial of sexual abuse, child molestation, and sexual conduct with a minor. (Doc. 23 at 2.) The evidence at trial included (1) a confrontation call in which Petitioner made incriminating statements and (2) Petitioner's "full-blown confession" to the police. (*Id.*)

In his direct appeal, Petitioner raised only one issue: whether the trial court abused its discretion by admitting expert testimony concerning general characteristics of child sexual abuse victims. (*Id.* at 12; *see also State v. Montgomery*, 2016 WL 3660255 (Ariz.

Ct. App. 2016)). On July 5, 2016, the Arizona Court of Appeals affirmed Petitioner's conviction. (Doc. 23 at 2.)

On September 8, 2016, Petitioner filed a notice of post-conviction relief. (*Id.*) On November 28, 2016, Petitioner's counsel filed a notice stating there were no colorable claims. (*Id.*) On February 27, 2017, Petitioner—acting *pro se*—filed a petition raising three claims: (1) prosecutorial misconduct/perjury, (2) ineffective assistance, and (3) juror bias. (*Id.*) On June 2, 2017, the trial court denied the petition. (*Id.*) Petitioner didn't seek review in the Arizona Court of Appeals. (*Id.* at 3.)

On October 5, 2017, Petitioner filed a habeas petition, which he later amended. (*Id.*) The Petition raises four claims: (1) ineffective assistance, (2) erroneous evidentiary rulings by the trial court, (3) prosecutorial misconduct, and (4) actual innocence. (*Id.*)

The R&R was issued in November 2018. (Doc. 23.) As for the first claim in the Petition (ineffective assistance), the R&R begins by noting that this claim is procedurally defaulted because Petitioner didn't appeal the denial of his PCR petition to the Arizona Court of Appeals. (*Id.* at 5-7.) Next, the R&R addresses whether, under *Martinez v. Ryan*, 566 U.S. 1 (2012), Petitioner can establish cause and prejudice to excuse the default (based on his claim that PCR counsel was ineffective). (*Id.* at 7-11 & n.4.) Specifically:

(1) As for Petitioner's claim that trial counsel was ineffective by failing to present a CAT scan showing that Petitioner had cognitive disabilities, the R&R concludes this claim is insubstantial because (1) the proffered evidence only shows "some minimal irregularity" in Petitioner's brain, not Alzheimer's or dementia, (2) Petitioner "fails to explain how dementia would have caused him to commit [sex] offenses on a child," and (3) Petitioner's filings in this case are "inconsistent with his claim of diminished capacity." (*Id.* at 7-8.)

(2) As for Petitioner's claim that trial counsel was ineffective by failing to impeach the victim with the first hospital report, which didn't show the victim had bruises, the R&R concludes this claim is insubstantial because (1) "Petitioner did not attach the reports to the Petition, so Petitioner fails to substantiate his claim," (2) Petitioner was

- 2 -

accused of sexual conduct, not physical assault, so the absence of bruises wouldn't negate the charge, and (3) Petitioner can't establish prejudice as to this issue "in light of his pretrial admissions that he committed numerous sexual acts on the victim." (*Id.* at 8.)

(3) As for Petitioner's claim that trial counsel was ineffective by failing to investigate whether a particular witness had a motive to coach the victim to lie (and to impeach the witness on that basis), the R&R concludes this claim is insubstantial because (1) Petitioner offered only a cursory allegation of the witness's motivation and (2) the witness's testimony was, in any event, "brief and far less significant that the victim's testimony and Petitioner's numerous incriminating statements." (*Id.* at 8-9.)

(4) As for Petitioner's claim that trial counsel was ineffective by failing to object to the prosecutor's closing argument, the R&R concludes this claim is insubstantial because counsel made a tactical choice to address the prosecutor's statement on the merits, rather than object to it. (*Id.* at 9-10.)

(5) As for Petitioner's claim that trial counsel was ineffective by failing to ask certain questions during the redirect exam of the defense witness on false confessions, the R&R concludes this claim is insubstantial because (1) it is speculative whether the expert would have provided favorable answers to the line of questions proposed by Petitioner and (2) trial counsel's decision to avoid potentially damaging testimony was a tactical decision. (*Id.*)

(6) As for Petitioner's claim that trial counsel was ineffective by failing to "timely" seek the removal of a juror who was crying during opening statements, the R&R concludes this claim is insubstantial because counsel did seek the removal of the juror (albeit unsuccessfully) once opening statements were complete and "[n]othing in the record suggests the outcome would have been different if counsel had raised the issue in the middle of opening statements rather than waiting until opening statements concluded." (*Id.* at 11.)

For all of these reasons, the R&R concludes that "Petitioner fails to establish a substantial claim of ineffective assistance of counsel. Consequently, he fails under

*Martinez* to provide cause for the procedural default of the claim." (*Id.* at 11.)

Next, as for the second and third claims in the Petition (trial errors and prosecutorial misconduct), the R&R concludes these claims are "unexhausted and procedurally defaulted without excuse" because Petitioner didn't raise them in his direct appeal to the Arizona Court of Appeals and didn't appeal the denial of his PCR petition to the Arizona Court of Appeals. (*Id.* at 11-12.) Finally, as for the fourth claim in the Petition (actual innocence), the R&R concludes this claim fails because Petitioner didn't present any new evidence and simply seeks to reargue the evidence based on information that was available to him at the time of trial. (*Id.* at 12-14.)

II. Legal Standard

A party may file specific, written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"); *see also* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1221 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Section 2254 Rules 8(b); *see also* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

III. The Parties' Arguments

In his objections to the R&R, Petitioner focuses primarily on his first ineffective assistance theory (trial counsel's failure to present cognitive-disability evidence). On this issue, he argues that (1) he didn't receive the actual medical records "until after the time of state appeals" and "had to have family members to retrieve this information," (2) the medical records show "decreased blood to the brain" and "minimal brain damage," and (3)

cognitive-disability evidence would have been useful in challenging "the voluntariness of statements" he made during the confrontation call and during his confession to the police. (Doc. 24 at 1-3.) Next, with respect to his second ineffective assistance theory (trial counsel's failure to impeach the victim with the first hospital report), Petitioner contends the report would have been valuable for impeachment purposes. (*Id.* at 4.) Finally, with respect to his fourth ineffective assistance theory (trial counsel's failure to object to the prosecutor's closing argument), Petitioner argues the prosecutor's statements were improper and prejudicial. (*Id.* at 4-5.)

Respondents did not file a response to the objections.

IV. <u>Analysis</u>

The Court agrees with the R&R's conclusion that Petitioner has failed to present a "substantial" claim of ineffective assistance of trial counsel and, thus, has procedurally defaulted that claim. *See generally Contreras v. Ryan*, 2014 WL 6668468, *2 (D. Ariz. 2014) (citations omitted) ("The Supreme Court and Ninth Circuit have created a special rule excusing the default of IAC claims. . . . To take advantage of this rule, a petitioner must 'demonstrate that the underlying ineffective-assistance-of-trial [or appellate]-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit.' Thus, in a situation of alleged default, the Court must look to the merits of the claim to determine whether the default should be enforced. If an examination of the merits shows the claim is 'substantial,' the Court cannot enforce the procedural default.").

Petitioner's primary theory is that trial counsel should have attempted to challenge the voluntariness of his confession (and his incriminating statements during the confrontation call) by presenting evidence of his alleged cognitive deficits. This is not a substantial IAC claim. The medical records (which Petitioner describes but doesn't attach) suggest he suffers from only "minimal" impairments, and Petitioner's conduct while litigating this case is inconsistent with the existence of a significant cognitive impairment. It is pure speculation (and certainly not reasonably probable) that trial counsel could have

somehow secured the suppression of Petitioner's incriminating statements (or blunted the impact of those statements at trial) by obtaining more medical evidence or presenting different evidence at trial. Moreover, although Petitioner contends that he was "emotionally [and] phsychologicaly [sic] overborn by circumstances," he admits he thought he "was having a private call with [his] daughter." (Doc. 24 at 3.) These circumstances were not coercive and trial counsel wouldn't have been able to suppress the confrontation call based upon them. *See, e.g., Reel v. Ryan*, 2013 WL 2284988, *18 (D. Ariz. 2013) (rejecting habeas claim, where petitioner argued his trial counsel "should have sought to suppress the confrontation call between himself and the victim," because "[t]hat Petitioner's statements were obtained by some deceit (*e.g.* the victim failing to alert Petitioner that he had been found out and was being recorded) does not result in the statements being 'compelled' . . . [and] any effort by counsel to suppress the statements, on the grounds suggested by Petitioner, would have been futile."). *See also Illinois v. Perkins*, 496 U.S. 292, 297 (1990) ("[T]he danger of coercion results from the interaction of custody and official interrogation.").

Petitioner's other objections fare no better. Petitioner still hasn't substantiated his claim that the first hospital report was favorable to him and the R&R correctly concludes that Plaintiff can't, in any event, establish prejudice under *Strickland* in light of the strong evidence of his guilt. Finally, as for trial counsel's failure to object to the prosecutor's closing argument, Petitioner simply repeats his earlier argument that the prosecutor's argument was improper and doesn't attempt address the R&R's conclusion that counsel's decision to address this argument on the merits (as opposed to objecting to it) was a tactical choice that is immune from second-guessing under *Strickland*.

Accordingly, **IT IS ORDERED** that:

(1) The R&R's recommended disposition (Doc. 24) is accepted;

(2) The amended petition (Doc. 6) is denied and dismissed with prejudice;

(3) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar

and jurists of reason would not find the procedural ruling debatable; and

    (4)    The Clerk shall enter judgment accordingly and terminate this action.

Dated this 5th day of March, 2019.

_____
Dominic W. Lanza
United States District Judge